1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN  DIVISION

15  DENNIS L. TOURNEY,                    ) ED CV 07-609-SH
                                          )
16                                        ) MEMORANDUM  DECISION
                          Plaintiff,      ) AND ORDER
17         v.                             )
                                          )
18  MICHAEL J. ASTRUE, Comm.              )
    Social Security Administration,       )
19                                        )
                          Defendant.      )
20  _____  )

21         This matter is before the Court for review of the decision by the

22  Commissioner of Social Security denying plaintiff's application for Disability

23  Insurance Benefits.  Pursuant to 28 U.S.C. § 636(c), the parties have consented

24  that the case may be decided by the undersigned.  This action arises under 42

25  U.S.C. § 405(g), which authorizes the Court to enter judgment upon the

26  pleadings and transcript of the record before the Commissioner.  The plaintiff

27  and defendant have filed their pleadings, the defendant has filed the certified

28

1

transcript of record, and the parties have filed a joint stipulation.  After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

## I. PROCEEDINGS

Plaintiff suffers from a variety of mental and physical impairments including bipolar disorder; depression; and pain and degenerative problems in his neck, spine, and knee.  On June 4, 2004, plaintiff filed an Application for Disability Insurance Benefits.  Plaintiff's application was denied, and plaintiff requested a hearing before an Administrative Law Judge (ALJ) on March 22, 2005.  A hearing was held before the ALJ on June 5, 2006 and plaintiff's application was denied by the ALJ in a written decision on August 31, 2006. Plaintiff subsequently requested the Appeals Council to review the ALJ's decision, but this request was denied on March 5, 2007.  Following the introduction of additional evidence, the Appeals Council again denied plaintiff's request on May 16, 2007.  This action follows.

Plaintiff alleges the ALJ made the following errors in finding there was no disability.  First, plaintiff argues that the ALJ erred by failing to apply the de minimus severity test to his alleged spinal and mental impairments.  Secondly, plaintiff argues that the ALJ erred by giving the VA findings less weight without providing specific and legitimate reasons for doing so.  Thirdly, plaintiff argues that the ALJ failed to properly consider the opinions of non-treating sources. Finally, plaintiff argues that the ALJ failed to properly consider plaintiff's subjective complaints.  This court finds that the ALJ erred in failing to find the spinal and mental impairments to be severe.  The ALJ failed to find the impairments severe because the ALJ did not give proper weight to the relevant medical evidence, nor did he give clear and convincing reasons for discrediting plaintiff's testimony. The other errors alleged by plaintiff will be discussed to the

2

1   extent they relate to this issue.

2

3                          II.  DISCUSSION

4      a.      The ALJ's Failure to Give Proper Weight to Medical Opinions

5          In determining whether a claimant is disabled for the purpose of receiving

6   disability insurance benefits, the ALJ conducts a five part test.  *Webb v.*

7   *Barnhart*, 433 F.3d 683, 685-87 (9th Cir. 2005).  At step two of the test, the ALJ

8   must determine whether the claimant's mental and physical impairments are

9   severe.  *Id*.  An impairment is severe if it has more than a minimal impact on the

10  claimant's ability to perform basic work activities.  *Bowen v. Yuckert*, 482 U.S.

11  137, 140-42, 107 S. Ct. 2287, 2290-91, 96 L. Ed. 2d 119, 125-26 (1987)(stating

12  that an impairment is non-severe when evidence indicates only a slight

13  abnormality or combination of abnormalities which would only have a minimal

14  effect on the claimant's ability to work).  The ALJ may rely on medical reports,

15  medical opinions, and the claimant's testimony to determine whether the

16  claimant's impairments are severe.  *See*, *e.g.*, *Webb*, 433 F.3d at 687-88.

17         In making disability decisions, the treating physician's opinion is given

18  greater weight than the non-treating physician's opinion.  *Magallanes v. Bowen*,

19  881 F.2d 747, 751 (9th Cir. 1989).  When there are conflicting opinions, it is the

20  function of the ALJ to assess which opinion he finds most credible.  *Sanchez v.*

21  *Secretary of Health & Human Servs.*, 812 F.2d 509, 511 (9th Cir. 1987).

22  However, if the ALJ gives greater weight to the non-treating physician's opinion,

23  he must provide specific and legitimate reasons which are based on the evidence

24  in the record.  *Morgan v. Apfel*, 169 F.3d 595, 599-600 (9th Cir. 1999)(stating

25  that when conflicting opinions are based on the same underlying clinical

26  findings, the ALJ may give specific and legitimate reasons for rejecting the

27  treating physician's opinion).

28

Additionally, the ALJ must give some weight to all medical sources when determining whether plaintiff is disabled.  Although nurse practitioners are not acceptable medical sources under SSR 06-03p, their opinions may be given some weight.  (2006).  While the disability determination may not be based on a non-acceptable medical source's opinion, if that opinion is supported by an acceptable medical source, it may be used as supplemental evidence of the impairment.  Social Sec. Rule 06-03p.  Furthermore, more weight is given to non-acceptable medical source's opinions when they are consistent with the record as a whole, and are supported by physician's opinions and objective evidence.  *Id*.

The disability determination made by the Veteran's Administration (VA) is given great weight.  *McCartey v. Massanari*, 298 F.3d 1072, 1075 (9th Cir. 2002).  The VA findings are given deference because there are significant similarities between the VA disability program and the Social Security disability program.  *Id*.  However, because the criteria for disability differ slightly between the programs, the ALJ may give less weight to the VA findings "if he gives persuasive, specific, valid reasons for doing so that are supported by the record."  *Id*.

The ALJ may reject conclusory opinions, or opinions not supported by objective evidence.  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).  Also, when the claimant spends a substantial amount of time engaged in activities that are transferrable to a work setting, the claimant may not be deemed credible with respect to the severity or extent of his disability.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  However, the claimant need not be completely incapacitated in order to be considered disabled.  *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).  Thus, the ALJ may only use these inconsistencies as providing a clear and convincing reason to reject the treating source's opinion when the ALJ can show that the claimant spent a substantial amount of time engaged in

activities transferrable to a work setting.

However, the ALJ may not reject opinions simply because the original medical report, on which the opinion is based, is not in the record.  *See*, *e.g.*, *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)(stating that ambiguous evidence triggers the ALJ's duty to conduct an appropriate inquiry). It is part of the ALJ's function to fully develop the record for the benefit of the claimant.  *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).  Failure to develop the record does not constitute sufficient grounds for rejecting an opinion when that opinion is typically given great weight.  *See id*. at 1279.

In this case, the ALJ should have found plaintiff's psychiatric and spinal impairments to be severe because there is substantial medical evidence that supports plaintiff's claims.  (Administrative Record "AR" at 22-27).  Plaintiff's claims are supported by radiology reports, medical opinions, as well as the VA findings.  (AR at 63-71, 188-92).  The ALJ's reasons for finding plaintiff's impairments to be non-severe ignored relevant evidence, as well as applicable legal guidelines.  (AR at 22-27).       The ALJ failed to cite specific and legitimate reasons for discounting the opinions of the treating and consulting sources, as well as objective reports that indicated plaintiff suffered from severe degenerative diseases.  (AR at 22-27).

The ALJ placed the greatest weight on the State physician's opinion which noted that although plaintiff suffered from several degenerative diseases, plaintiff could perform light work.  (AR at 238-45).  The ALJ also relied on the State's psychiatrist, who found plaintiff had non-severe mental impairments.  (AR at 247-59).  Both opinions were premised on the fact that plaintiff engaged in daily activities which they held to be inconsistent with his alleged impairments.  (AR at 243-45, 259).

The ALJ also found these activities to be inconsistent with plaintiff's claimed impairment, and thus a reason to give greater weight to the state

physicians' opinions. (AR 22-27). Although plaintiff acknowledged that he engaged in some daily activities, such as driving his son to school, doing light cleaning, and occasionally grocery shopping, it took him a long time to finish them, and he rested frequently. (AR at 83-90). More recently, because of the degenerative problems in his spine, knees, and foot, he has not been able to perform even the limited number of activities he used to. (AR at 128). Because the ALJ failed to show that plaintiff's activities were transferrable to a work setting, the ALJ erred in using this as a specific and legitimate reason to reject the treating physician's opinion.

Additionally, the ALJ failed to give any weight to the nurse practitioner's opinion of the plaintiff's psychic impairment because he did not consider her "an acceptable medical source." (AR at 24-25). Although a nurse practitioner is not an acceptable medical source, her opinion can be given greater weight when it is supported by physicians' opinions and objective evidence. Social Sec. Rule 06-03p. Here, the nurse practitioner's opinion is supported by medical treatment history, a staff psychiatrist's opinion, as well as the VA's determination. (AR at 65-66, 357, 450-51). Notably, the VA made a finding of 70% disability due to plaintiff's bipolar disorder. (AR at 65-66, 357). Moreover, the nurse practitioner had met with the plaintiff on numerous occasions, diagnosed him with bipolar disorder, depression, PTSD, and treated him with medication. (AR at 315-16). On the other hand, the state psychiatrist had only met with plaintiff once, and her findings were inconsistent with the record as a whole. (AR at 110-12). In light of the significant evidence supporting a finding of mental impairment, the ALJ erred by giving no weight to the nurse practitioner's opinion.

The ALJ also gave less weight to the VA determination of disability because of various reasons. (AR at 26-27). The VA determined that plaintiff suffered from mental and physical impairments which were severe enough to consider plaintiff disabled. (AR at 65-72). However, the given reasons were not

sufficiently specific and legitimate in order to properly reject the VA's opinion. First, the ALJ gave less credit to the VA determination because the original consultative exam, which the decision is based upon, is not in the record. (AR at 26). Because the ALJ has an affirmative duty to supplement the record when it is ambiguous, as the ALJ admits it is here, his failure to acquire this relevant evidence cannot be used as a reason to discredit or disregard the VA determination of disability.

The ALJ also discredited the VA's decision because plaintiff obtained unemployment insurance one month prior to filing for veteran's benefits. (AR at 26). Receiving unemployment benefits is inconsistent with applying for disability benefits, because the plaintiff had to confirm that he was able and available to work. Cal. Unemp. Ins. Code § 1257 (2007). However, there is no evidence in the record that indicates plaintiff certified he was able and available to work besides applying for and receiving benefits. (AR at 497). Moreover, the VA's determination of disability cannot be discredited for this reason, because it was made independently of plaintiff's receipt of unemployment benefits.

The ALJ rejected the VA determination of disability because the VA failed to assess the plaintiff's hip or knee impairments. (AR at 27). The ALJ cited this as error because the plaintiff considered his knee impairment highly disabling. (AR at 27). In fact, the VA merely postponed assessing them. (AR at 66-69). The knee impairment was not assessed at the time because plaintiff was about to undergo knee surgery and it would have been inefficient to assess the disability of the knee prior to surgery. (AR at 66, 209). Because postponing the assessment of these impairments does nothing to discredit the VA's determination of disability, the ALJ erred in failing to place greater weight on this evidence.

b. The ALJ's Assessment of Plaintiff's Credibility

7

The ALJ is also responsible for determining the credibility of the claimant's testimony regarding subjective impairments. *See*, *e.g.*, *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991)(en banc). If there is objective evidence that would reasonably give rise to some symptoms of which the plaintiff complains, the ALJ can only reject plaintiff's testimony by giving clear and convincing reasons for doing so. *Light v. Social Security*, 119 F.3d 789, 792 (9th Cir. 1997). A finding that plaintiff is not credible is an acceptable reason for rejecting plaintiff's testimony. *See id*. In determining whether plaintiff is credible, the ALJ may consider medical opinions, evidence, plaintiff's statements, conduct, and any actions inconsistent with the alleged impairment. *Id*. The ALJ's credibility determination will be deferred to only if it is supported by substantial evidence in the record. *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985).

A claimant may not be deemed credible is if there is "an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *Bunnell*, 947 F.2d at 346. Disabling pain testimony may not be credible if the claimant does not take his medication or receives only minimal, conservative treatment. *See id*. However, when the claimant gives good reasons for failing to follow a prescribed course of treatment, his subjective testimony may not be rejected on these grounds. *Smolen v. Charter*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see also*, *Regennitter v. Commissioner*, 166 F.3d 1294, 1297 (9th Cir. 1999)(stating that the ALJ may not reject claimant's testimony if the reason claimant did not follow treatment was because he could not afford it).

An ALJ may discredit plaintiff's subjective pain testimony when plaintiff's actions or statements are inconsistent with the alleged pain or impairments, as noted above. *Fair*, 885 F.2d at 603. However, the ALJ may not use personal observations of the claimant as a way of discrediting the claimant. *See id*. at 602; *see also* Social Sec. Rule 96-7p (1996). Furthermore, credibility determinations

may bear less weight on a finding of disability when there is no inconsistency between the alleged conditions and the physician's opinions. *Webb*, 433 F.3d at 688 (holding that the ALJ should have found the impairments severe because there was not substantial evidence to show that the claimant's claim was "groundless").

The ALJ sought to discredit plaintiff's subjective testimony because plaintiff applied for, and received, unemployment benefits up to one month before applying for disability benefits. (AR at 26). To receive unemployment benefits, plaintiff had to certify that he was able and available to work. Cal. Unemp. Ins. Code § 1253 (2007). However, there is no evidence that plaintiff made any such certification, besides receiving benefits. (AR at 497). While plaintiff may have inappropriately received such benefits, this does not indicate that plaintiff's subjective testimony was not credible. This factor alone is not a clear and convincing reason to reject plaintiff's testimony, given the substantial objective evidence that supports plaintiff's claims.

The ALJ also discredited plaintiff's testimony because the ALJ found that plaintiff regularly engaged in daily activities, which the ALJ claimed were inconsistent with plaintiff's alleged impairments. (AR at 22-27). The ALJ found that plaintiff regularly engaged in housework, cared for his young son, drove with an unrestricted driver's license, and participated in physical therapy. (AR at 83-90). As noted above, plaintiff's actions may only discredit his subjective testimony when it can be shown that plaintiff spent a substantial amount of time on these activities and that they are transferrable to a work setting. *Fair*, 885 F.2d at 603. While plaintiff admitted to engaging in these activities, he noted it took him a long time to complete them. (AR at 83-90). Additionally, because plaintiff's impairments were of a degenerative nature, plaintiff has been unable to complete many activities he used to perform. (AR at 128). Here the ALJ failed

to show that these activities constituted a substantial part of plaintiff's day or that any of these activities were transferrable to a work setting.  (AR at 22-27).

The ALJ discredited plaintiff's subjective testimony because plaintiff continued working while suffering from his current impairments.  (AR at 22-27). However, engaging in some work does not preclude a finding of disability, especially when the impairments are of a degenerative nature.  *See*, *e.g.*, *Desrosiers v. Secretary of Health & Human Svcs.*, 846 F.2d 573 (9th Cir. 1988); *McCartey*, 298 F.3d at 1074.  Furthermore, every medical report, including the State physician's, indicates objective medical reasons for plaintiff's impairments.  (AR at 65-72, 110-12, 177-199).  Because there are no inconsistencies between the reports and plaintiff's claimed impairments, the credibility finding is less determinative of plaintiff's disability.  Therefore, given the evidence, the ALJ may not use these reasons to discredit plaintiff's testimony.

The ALJ also discredited plaintiff's subjective testimony because plaintiff did not seek psychiatric treatment for several years and failed to take his prescribed medication.  (AR at 25-27).  However, here the plaintiff has provided good reasons for failing to follow a more rigorous treatment or take his prescription medication.  (AR at 341, 354, 485).  In this case, plaintiff stated that he could not afford psychiatric treatment, he preferred to take a lower dose of lithium to reduce his tremors, and on at least one occasion did not know what dosage he needed to take.  (AR at 341, 354, 485).  Because the plaintiff has provided colorable reasons for failing to follow his prescribed treatment, the ALJ may not use these reasons to discredit the plaintiff.

The ALJ also sought to discredit the plaintiff based on the ALJ's personal observations of plaintiff at the hearing.  (AR at 25-26).  The ALJ contended that plaintiff's tremor was "under his control" and therefore, plaintiff could not be considered credible.  (AR at 25).  Since this is not a legitimate reason to discredit

10

1 subjective claims, it may not be used to support the ALJ's finding of no

2 disability.

3

4      c.      The ALJ's Failure to Consider the Combined Effect of Plaintiff's

5              Impairments

6      The ALJ must consider whether the impairments, when combined, would

7 rise to a sufficiently severe level such that the claimant would effectively be

8 disabled, even if the individual impairments are not severe.  42 U.S.C. §

9 423(d)(2)(B).  The ALJ failed to consider the combined effects of plaintiff's

10 impairments and instead considered only the musculoskeletal system impairment

11 when determining whether plaintiff was disabled.  (AR at 22).

12      The ALJ further erred by applying the grids to determine plaintiff's residual

13 functional capacity (RFC) at stage five.        (AR at 27-28).  The grids are

14 appropriate to consider disability when the plaintiff does not have a non-

15 exertional impairment.  *Bruton v. Massanari*, 268 F.3d 824, 827-28 (9th Cir.

16 2001).  A non-exertional impairment is one that "limits [the claimant's] ability to

17 work without directly affecting his [] strength."  *Desrosiers*, 846 F.2d at 579.

18      Here, there was objective evidence to show that plaintiff had physical

19 limitations due to degenerative problems in his knee, cervical spine, and foot.

20 (AR at 177-199).  Plaintiff also suffered from mental impairments including

21 bipolar disorder and depression.  (AR at 349).  The ALJ's failure to consider

22 these impairments and the subsequent use of the grids to determine plaintiff's

23 RFC was not harmless error.  *See id.*; *see also Booz v. Secretary of Health and*

24 *Human Svcs.*, 734 F.2d 1378 (9th Cir. 1984).

25                          III.  ORDER

26      This case is remanded to the ALJ for the following considerations.  The

27 ALJ must obtain the original consultative exam the VA used to determine

28 disability.  The ALJ must also consider the mental and spinal impairments to be

11

severe.  Therefore, the ALJ may not use the grids to determine the plaintiff's RFC because non-exertional limitations exist.  If the vocational expert finds the plaintiff has sufficient RFC to be substantially employed, plaintiff will not be considered disabled.  For the foregoing reasons, the Decision is reversed, and the matter is remanded for further proceedings pursuant to Sentence Four, 42 U.S.C. § 405(g).

Dated: <u>July 3, 2008</u>

/ s /
_____

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

12